IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH D. TERRY, #0078888, | |
| Plaintiff, | Case No. 22-cv-00150-SPM |
| v. | |
| RANDOLPH COUNTY JAIL, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Joseph Terry, who is currently being held at the Randolph County Jail located in Chester, Illinois, commenced this action by sending a complaint and a motion for leave to proceed *in forma pauperis* to the United States District Court District of Columbia. Because the District of Columbia was not the proper venue, the D.C. District Court transferred the case here. (Doc. 3). This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## COMPLAINT

In the Complaint, Terry alleges that in April 2021 he fell while playing basketball at a local park. (Doc. 1). He was taken to St. Louis University Hospital, where he was diagnosed with a brain aneurism and "sub-hemeragias" to the brain. After his injury, he saw doctors on a regular basis. Since his arrival at Randolph County Jail, he has not been seen by a doctor or received medical treatment for his injuries. He is experiencing severe migraines, and his blood pressure is rising. Terry claims his condition is life threatening, and his rights are being deprived.

### DISCUSSION

Terry has failed to state claim for relief. *See* FED. R. CIV. P. 8(a)(2). The Complaint does not include a case caption listing defendants, and Terry does not assert allegations against any individuals in the body of the Complaint. To the extent Terry is attempting to assert claims against Randolph County Jail, he cannot do so under 42 U.S.C. §1983. A jail is not a considered a "person" subject to suit under Section 1983 and is not a suable entity. *See* FED. R. CIV. P. 17(b). For these reasons, the Complaint is dismissed without prejudice. However, Terry will be given an opportunity to replead his claims in an amended complaint.

### MOTION FOR RECRUITMENT OF COUNSEL

Terry has filed a motion asking the Court to appoint him an attorney to represent him in this case. (Doc. 9). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Terry has not provided the Court with any information regarding attempts to recruit counsel on his own or whether he has been effectively precluded from doing so. Because he has not made this showing, the Court finds that he has not made a reasonable attempt to find counsel, and the motion is denied. Should Terry choose to move for recruitment of counsel at a later date, the Court directs him to: (1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the motion the names and address of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation.

### DISPOSITION

For the reasons stated, the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. The Motion for Recruitment of Counsel is **DENIED.** (Doc. 9).

Terry is **GRANTED** leave to file a "First Amended Complaint" on or before **June 16, 2022.** It is strongly recommended that Terry use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 22-cv-00150-SPM). Further, Terry should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To enable him to comply with this Order, the **CLERK** is **DIRECTED** to mail Terry a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

If Terry fails to file a First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28

U.S.C. § 1915(e)(2). The dismissal shall also count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).

Terry is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Terry is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   May 20, 2022**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**