IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH D. TERRY, #0078888, <br><br> Plaintiff, <br><br> v. <br><br> RANDOLPH COUNTY JAIL, <br><br> Defendant. | Case No. 22-cv-00150-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Joseph Terry filed this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while in custody at the Randolph County Jail. The Complaint did not survive screening under 28 U.S.C. § 1915A and was dismissed without prejudice. (Doc. 13). The Court granted Terry an opportunity to clarify his claims in an amended complaint. He was directed to file a First Amended Complaint on or before June 16, 2022. Additionally, Terry was warned that the action would be dismissed with prejudice and that the dismissal would count as a "strike" under 28 U.S.C. § 1915(g) if he failed to file an amended complaint by the deadline. (*Id.*).

On June 13, 2022, the Order dismissing the Complaint was returned to the Court as undeliverable and marked "subject is no longer incarcerated in our jail." (Doc. 14). Previously, on March 8, 2022, the Order granting the motion to proceed *in forma pauperis* had also been returned to the Court as undeliverable. (Doc. 12). Terry had been advised that he was to notify the Court within seven days of a change in his address and that failure to do so would result in dismissal of his case. (Doc. 5, 13).

The Court will not allow this matter to linger indefinitely. Terry has not filed anything in this case since February 22, 2022, he has not updated his address, and he has missed the deadline for filing

an amended complaint. Accordingly, this action is **DISMISSED with prejudice** for failure to comply with orders of the Court (Doc. 5, 13) and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal counts as one of Terry's three allotted "strikes" within the meaning of Section 1915(g).

Terry is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

If Terry wishes to appeal this order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Terry must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Terry may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: June 27, 2022**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**